UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| HOANG BAO NGUYEN, <br> A# 023 731 932, <br><br> Petitioner, <br><br> vs. <br><br> WILLIAM BARR, U.S. Attorney General; <br> CHAD WOLF, Secretary of the Department <br> of Homeland Security; DEBORAH ACHIM, <br> U.S. Field Office Director for ICE; and RAY <br> CASTRO, Warden of South Texas Detention <br> Facility, <br><br> Respondents. | CIVIL ACTION NO. SA-20-CV-1159-FB |

## ORDER OF DISMISSAL

Before the Court is the 28 U.S.C. § 2241 Petition for Writ of Habeas ("Section 2241 Petition") filed by Hoang Bao Nguyen ("Petitioner"). (ECF No. 1). Petitioner challenges his detention by Respondents William Barr, Chad Wolf, Deborah Achim and Ray Castro pending removal proceedings. (*Id.*). On October 20, 2020, Respondents submitted documentation demonstrating that on October 15, 2020, Petitioner was transferred into the custody of Bexar County and is no longer being detained by Respondents. (ECF No. 8).

While physical detention is not required for a petitioner to meet the custody requirement and obtain habeas relief, *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), before a court can exercise habeas jurisdiction over a petitioner no longer in custody, "the petitioner must demonstrate that . . . his subsequent release has not rendered the petition moot, *i.e.*, that he continues to present a case or controversy under Article III, § 2 of the Constitution." *Zalawadia v. Ashcroft*, 371 F.3d 292, 296 (5th Cir. 2004). "The petitioner presents an Article III controversy when he demonstrates 'some concrete and continuing injury other than the now-ended [detention] -- a 'collateral consequence of the conviction.'" *Id.* at 297 (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

In the present case, it is unclear whether Petitioner can meet his burden of showing he continues to present a case or controversy under Article III, § 2 of the Constitution as Petitioner has not notified the District Clerk of his current address. (ECF No. 3). Importantly, Petitioner was warned that failure to promptly furnish the Court with a change of address when such occurs could be interpreted as failure to prosecute and result in involuntary dismissal pursuant to Federal Rule of Civil Procedure 41(b). (*Id.*).

Accordingly, Petitioner's 28 U.S.C. § 2241 Habeas Corpus Petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

It is so ORDERED.

SIGNED this 26th day of October, 2020.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE